IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEANETTE HALE                                                                          PLAINTIFF

vs.                                        Civil No. 2:12-cv-02302

CAROLYN W. COLVIN                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiff's Amended Motion for Attorney's Fees Pursuant
to the Equal Access to Justice Act ("EAJA").[1]  ECF No. 23.  Defendant has responded to this Motion
and has no objections to this Motion.  ECF No. 25.  Pursuant to the provisions of 28 U.S.C. §
636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this Motion to this Court for the
purpose of making a report and recommendation.  In accordance with that referral, this Court enters
the following report and recommendation.

1.      **Background:**

Jeanette Hale ("Plaintiff") appealed to this Court from the Secretary of the Social Security
Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On August 20,
2013, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).
ECF No. 20.

On  October 24, 2013, Plaintiff filed her Amended Motion requesting an award of attorney's
fees under the EAJA.  ECF No. 23.  With this Motion, Plaintiff requests an award of attorney's fees

---

[1] Plaintiff also filed an original Motion for Attorney's Fees (ECF No. 21) on October 21, 2013.
Because the Court recommends Plaintiff's Amended Motion be granted, it is not necessary to address her
original motion.

in the total amount of $4,012.50.  ECF No. 23-2.  This amount represents 20.75 attorney hours at an hourly rate of $180.00 for 2012 and 2013 and 3.70 paralegal hours at an hourly rate of $75.00.  *Id.*  Defendant responded to this Motion on October 24, 2013 and has no objections to Plaintiff's requested fees.  ECF No. 25.

**2.    Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b),

2

so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* 28 U.S.C. § 2412(d)(2)(A).  A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.*  A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).  *See also* General Order 39 ("Attorney's Fees Under the Equal Access to Justice Act").

**3.**   **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA.  ECF No. 20.  Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA.  ECF No. 25.  The Court construes the lack of opposition to this application as an admission that the Government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $4,012.50.  ECF No. 23-2.  This amount represents 20.75 attorney hours at an hourly rate of $180.00 for attorney work performed in 2012 and 2013 in addition to 3.70 paralegal hours at an hourly rate of $75.00.  *Id.*  The hourly rate of $180.00 is authorized by

3

the EAJA as long as the CPI-South Index justifies this enhanced rate. *See* General Order 39. *See also* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, this requested hourly rate is authorized by CPI-South Index for 2012 and 2013. Accordingly, the Court recommends Plaintiff be awarded an hourly rate of $180.00 for 2012 and 2013.

The Court has reviewed Plaintiff's request for 20.75 hours of attorney work performed in 2012 and 2013. Defendant has no objections to these requested hours. ECF No. 25. The Court finds they are reasonable and recommends they be granted. Accordingly, the Court recommends Plaintiff be awarded a total of 20.75 attorney hours for work performed during 2012 and 2013. Further, Defendant has no objections to Plaintiff's requested paralegal hours and paralegal hourly rate. ECF No. 25. Thus, the Court also recommends Plaintiff be awarded 3.70 paralegal hours at an hourly rate of $75.00.

Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Ratliff.* ECF No. 25. *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

**4.**   **Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Amended Motion for Attorney's Fees (ECF No. 23) be **GRANTED**, and Plaintiff be awarded **$4,012.50** in attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. This amount represents 20.75 hours at the hourly rate of $180.00 for attorney work performed in 2012 and 2013 in addition to 3.70 paralegal hours at an hourly rate

of $75.00.

Further, the Court recommends Plaintiff's original Motion for Attorney Fees (ECF No. 21) be **DENIED AS MOOT.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **30th day of October 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE